```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

I.B.E.W. LOCAL 139 ANNUITY, PENSION,
WELFARE, AND EDUCATION FUNDS, by
Ernest A. Hartman and Bruce Condie
as Trustees; et al.,                            12-cv-6108

                                                **ORDER**
                    Plaintiffs,

          v.

COLLINS AND WALTON PLUMBING AND HEATING
CONTRACTORS, INC. AND JASON CRANE,
individually.

                    Defendants.
_____
```

Plaintiff brings this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § § 1001 et seq., alleging that the defendants failed to make fringe benefit contributions to union trust funds in violation of a binding multi-employer collective bargaining agreement ("CBA"). Specifically, plaintiff claims that the defendants owe $104,140.07 to the plaintiff fund, which includes costs and fees, plus interest.

Plaintiff has moved for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure against defendant Jason Crane ("Crane") on grounds that the Fund is entitled to the amount sought, and defendant Crane has defaulted. Plaintiff does not seek a judgment against defendant Collins and Walton Plumbing and Heating Contractors, Inc., which filed for bankruptcy protection in September, 2012.

According to the plaintiff, defendants, via a letter of assent, consented to a multi-employer collective bargaining agreement with the plaintiff. In approximately July and November, 2011, the defendants allegedly failed to remit timely fringe benefit contributions to the plaintiff fund as required under the CBA.  On February 29, 2012, plaintiff filed the instant suit seeking damages for unpaid contributions including the past amounts owed, interest, liquidated damages, and attorneys' fees. Defendants failed to answer the complaint, and by motion dated March 23, 2013, plaintiff moved for an entry of default against the defendants.  Although the Clerk of the Court did not enter a default on behalf of either defendant, the Court now makes such a finding of default, as no defendant has appeared in this action. On April 25, 2014, plaintiff moved for default judgment against defendant Crane pursuant to Rule 55 of the Federal Rules of Civil Procedure.  Defendant Crane was served with the instant motion for default judgment, but failed to respond to the motion.

Based on defendant Crane's failure to appear, and after reviewing plaintiff's submissions in support of its motion, I find that plaintiff is entitled to a default judgment in the amount of $104,140.07 plus interest.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          May 28, 2014